# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEON THOLSON,<br><br>                Plaintiff,<br><br>     v.<br><br>STATE OF ALASKA DEPARTMENT OF CORRECTIONS,<br><br>                Defendant. | Case No. 3:24-cv-00035-SLG |

## ORDER DIRECTING SERVICE & RESPONSE

On March 18, 2024, self-represented prisoner Leon Tholson ("Plaintiff") filed a motion to amend his complaint, his proposed First Amended Complaint, and five exhibits.[1] Plaintiff previously filed an application to proceed without prepaying the filing fee with his original complaint.[2] The Court has now screened the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed,[3] the First Amended Complaint contains sufficient facts, that accepted as true, state a plausible claim under the Religious Land Use and Institutionalized

---

[1] Docket 8.

[2] Docket 2.

[3] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

Persons Act (RLUIPA), 42 U.S.C. § 2000cc.[4] This means that this case will not be summarily dismissed at this time but may proceed to the next stage of litigation.

The Court has jurisdiction under 28 U.S.C. § 1331.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a federal court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[7]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to file an amended complaint at **Docket 8 is GRANTED.** Docket 8-1 shall be the operative complaint in this action, with Exhibits 1-5 attached (Dockets 8-2 through 8-6).

---

[4] Docket 8-1.

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska Department of Corrections*
Order Directing Service & Response
Page 2 of 7
Case 3:24-cv-00035-SLG   Document 12   Filed 08/16/24   Page 2 of 7

2. The First Amended Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the Complaint contains sufficient facts, that accepted as true, state plausible claims for relief under the RLUIPA.

3. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4. Plaintiff's application to proceed without prepaying the filing fee at **Docket 3 is GRANTED.**

5. Plaintiff's Motion for Defendant to Locate and Preserve Video at **Docket 7 is DENIED**. After Defendant appears in this action, Plaintiff may elect to propound a Request for Admission on Defendant as to whether there are any videos of protective custody prisoners taking part in group religious activities, pursuant to Rule 36 of the Federal Rules of Civil Procedure.

6. While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the action.[8] The Court will issue a separate order on the collection of the filing fee.

---

[8] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska Department of Corrections*
Order Directing Service & Response
Page 3 of 7
Case 3:24-cv-00035-SLG   Document 12   Filed 08/16/24   Page 3 of 7

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[9] Failure to comply may result in dismissal of this action.

8. The Court's finding that Plaintiff may proceed without prepaying the filing fee entitles him to service of process by the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d).

9. Formal service in this case is unnecessary because a representative of the State of Alaska's Department of Law has indicated that it will accept service on behalf of the Department of Corrections. *See* District of Alaska Miscellaneous General Order No. 769.

10. The Clerk of Court shall immediately mail a copy of this order, the First Amended Complaint and Exhibits at Docket 8-1 to 8-6, and the civil cover sheet at Docket 2 to:

> Mark Cucci
> Chief Assistant Attorney General
> State of Alaska Department of Law
> 1031 West 4th Avenue, Suite 200
> Anchorage, AK 99501-1994

---

[9] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska Department of Corrections*
Order Directing Service & Response
Page 4 of 7
Case 3:24-cv-00035-SLG   Document 12   Filed 08/16/24   Page 4 of 7

11. Defendant, represented by the Attorney General for the State of Alaska, shall have **sixty (60) days** from the date of this order to file an Answer or otherwise respond.[10]

12. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of Defendants, and the title of the document, as illustrated on the first page of this order.[11]

13. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[12] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

14. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[13] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[10] *See* Fed. R. Civ. P. 4(d)(3).

[11] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[12] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[13] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska Department of Corrections*
Order Directing Service & Response
Page 5 of 7
Case 3:24-cv-00035-SLG   Document 12   Filed 08/16/24   Page 5 of 7

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

15. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

16. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

17. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. You may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska Department of Corrections*
Order Directing Service & Response
Page 6 of 7
Case 3:24-cv-00035-SLG   Document 12   Filed 08/16/24   Page 6 of 7

Please note that Clerk's Office staff are prohibited by law from providing legal advice.

DATED this 16th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska Department of Corrections*
Order Directing Service & Response
Page 7 of 7
Case 3:24-cv-00035-SLG   Document 12   Filed 08/16/24   Page 7 of 7