# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEON THOLSON,<br><br>        Plaintiff,<br>  v.<br><br>STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,<br><br>        Defendant. | Case No. 3:24-cv-00035-SLG |

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

Before the Court at Docket 14 is Plaintiff Leon Tholson's Motion for Preliminary Injunction. Defendant State of Alaska, Department of Corrections ("the State") filed an opposition at Docket 24.

## BACKGROUND

This is an action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000c *et seq.*, brought by Leon Tholson, an individual currently incarcerated at the Anchorage Correctional Complex in Anchorage, Alaska.[1] Mr. Tholson alleges that he is a Rosicrucian, and, "as a student of the Rosicrucian Fellowship, [his] sincerely held religious belief requires [his] correspondence . . . be in a felt tip, gel, or fountain pen."[2] He further alleges

---

[1] Docket 8-1 at 3.

[2] Docket 8-1 at 3.

that the Department of Corrections has denied him access to these writing tools, offering instead access to pencils and standard ballpoint pens.[3]

Dissatisfied with this alternative, on September 11, 2023, Mr. Tholson filed a grievance.[4] In his grievance, Mr. Tholson stated he was willing to compromise and use a felt tip, gel, or fountain pen at a specified day and time each week under supervision.[5] On September 26, 2023, an investigator recommended that the request be denied, noting that "[i]t is not realistic in a correctional/institutional setting that all forms of religious accommodations for all recognized world religions or orders can be met without sacrificing safety and security" and that "[i]t is also not reasonable to ask security staff to track keeping a generally unauthorized item for specific periods of time as other duties take priority and can risk the unauthorized item for being misplaced or forgotten."[6] On October 3, 2023, the Superintendent adopted this recommendation.[7]

Mr. Tholson appealed this decision on October 4, 2023, and October 17, 2023.[8] The Deputy Commissioner ultimately denied these appeals on November

---

[3] Docket 8-1 at 3.

[4] Docket 8-1 at 3; Docket 8-2 (grievance).

[5] Docket 8-2 at 6.

[6] Docket 8-2 at 9.

[7] Docket 8-2 at 8.

[8] Docket 8-3 at 2 (October 4 appeal); Docket 8-4 at 2 (October 17 appeal).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 2 of 14
Case 3:24-cv-00035-SLG    Document 28    Filed 11/25/24    Page 2 of 14

3, 2023.[9] Mr. Tholson then filed this lawsuit, alleging that the Department of Corrections violated his rights under RLUIPA.[10]

In his Amended Complaint, Mr. Tholson also alleges the Department of Corrections violated RLUIPA by not allowing him to take part in group religious services because he is housed in protective custody.[11] He further asserts that he was told that he could not grieve this issue and has no administrative remedy to exhaust.[12]

Mr. Tholson now moves for a preliminary injunction related to his request to use a felt tip, gel, or fountain pen.

## LEGAL STANDARD

In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[13] When, as here, the government is a party to the action, the balance of equities

---

[9] Docket 8-4 at 3.

[10] *See* Docket 1.

[11] Docket 8-1 at 5–6.

[12] Docket 8-1 at 5.

[13] 555 U.S. 7, 20 (2008).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 3 of 14
Case 3:24-cv-00035-SLG   Document 28   Filed 11/25/24   Page 3 of 14

factor and the public interest factor merge.[14] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[15]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[16] Under that approach, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[17] "Serious questions are 'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'"[18] They "need not promise a certainty of success, nor

---

[14] *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

[15] *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[16] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011).

[17] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[18] *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)); *see also Fyock v. City of Sunnyvale*, 25 F. Supp. 3d 1267, 1273 (N.D. Cal. 2014) ("'Serious questions' refers to questions 'which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo . . . .'" (quoting *Gilder*, 936 F.2d at 422)).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 4 of 14
Case 3:24-cv-00035-SLG    Document 28    Filed 11/25/24    Page 4 of 14

even present a probability of success, but must involve a 'fair chance on the merits.'"[19] All four *Winter* elements must still be satisfied under this approach.[20]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[21]

## DISCUSSION

### I. The State Is Not Immune from Preliminary Injunction Relief

As a preliminary matter, the Court must address State's claim of sovereign immunity. In its cursory opposition to Mr. Tholson's motion, the State asserts that Mr. Tholson's lawsuit against the Department of Corrections is barred by the Eleventh Amendment and that "an unconsenting State is immune from suits brought in federal courts."[22] Although this is a correct proposition of law, it does not apply here.[23]

---

[19] *Gilder*, 936 F.2d at 422 (quoting *Marcos*, 862 F.2d at 1362).

[20] *All. for the Wild Rockies*, 632 F.3d at 1135 ("Of course, plaintiffs must also satisfy the other *Winter* factors."); *see also, e.g., Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (describing standard for preliminary injunction).

[21] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[22] Docket 24 at 2 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

[23] Mr. Tholson recently filed a motion for leave to file an amended complaint that would add Deputy Commissioner Jake Wyckoff as an additional defendant. Docket 26.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 5 of 14
Case 3:24-cv-00035-SLG     Document 28     Filed 11/25/24     Page 5 of 14

RLUIPA prohibits a government "from burdening religious exercise in correctional institutions."[24] The Act defines "government" to include "any branch, department, agency, instrumentality, or official of" a State.[25] "The Act authorizes private citizens to assert a violation as a claim or defense in a judicial proceeding and to 'obtain appropriate relief against a government[,]'" which includes a state and its agencies.[26]

Pursuant to the Eleventh Amendment, states are immune from suit unless they unequivocally waive their sovereign immunity or Congress abrogates it.[27] In *Sossamon v. Texas*, the Supreme Court addressed whether, by accepting federal funds, a state had consented to a waiver of its sovereign immunity with respect to suits for damages under RLUIPA.[28] The Supreme Court held that sovereign immunity bars suits for damages against a state because RLUIPA did not unequivocally include a waiver of a state's sovereign immunity to a suit for damages.[29] "RLUIPA's authorization of 'appropriate relief against a government,' is not the unequivocal expression of state consent that our precedents require.

---

[24] *Wood v. Yordy*, 753 F.3d 899, 902 (9th Cir. 2014) (citing 42 U.S.C. § 2000cc-1).

[25] 42 U.S.C. § 2000cc-5(4)(A)(i), (ii).

[26] *Wood*, 753 F.3d at 902 (citing 42 U.S.C. § 2000cc–2(a)); *see also* 42 U.S.C. § 2000cc-5(4)(A).

[27] *E.g., Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

[28] 563 U.S. 277, 280 (2011).

[29] *Id.* at 293.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 6 of 14
Case 3:24-cv-00035-SLG   Document 28   Filed 11/25/24   Page 6 of 14

'[A]ppropriate relief' does not so clearly and unambiguously waive sovereign immunity to private suits for damages that we can 'be certain that the State in fact consents' to such a suit."[30]

However, the *Sossamon* Court did not venture further, leaving open the question of whether injunctive relief against a state constitutes "appropriate relief" with respect to which states had waived their immunity. Indeed, dissenting in *Sossamon*, Justice Sotomayor inferred that the majority's ruling indicated that equitable relief against a state is "appropriate relief" under RLUIPA.[31] She noted that "[i]n arguing that 'a waiver of sovereign immunity *to other types of relief* does not waive immunity to damages,' the majority appears to accept that equitable relief is available to RLUIPA plaintiffs."[32] Since *Sossamon*, the weight of authority in the Ninth Circuit indicates that RLUIPA plaintiffs may properly sue states and their agencies for injunctive relief because states waive their sovereign immunity with respect to such relief by accepting federal funding.[33]

---

[30] *Id.* at 285–86 (alteration in original) (first quoting 42 U.S.C. § 2000cc-2(a); and then quoting *Coll. Sav. Bank*, 527 U.S. at 680).

[31] *Id.* at 298 (Sotomayor, J. dissenting).

[32] *Id.* (Sotomayor, J. dissenting) (emphasis in original).

[33] *See, e.g., Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 841 (9th Cir. 2012) (analyzing identical language in the Religious Freedom Restoration Act) ("The provision could be read as authorizing only injunctive relief, and therefore 'does not so clearly and unambiguously waive sovereign immunity to private suits for damages that we can 'be certain that the States in fact consents to such a suit.'" (citation omitted)); *Rupe v. Cate*, 688 F. Supp. 2d 1035, 1047 (E.D. Cal. 2010) ("Accordingly, the Court finds that RLUIPA requires state recipients of federal funds to waive immunity only as to suits for injunctive relief."); *Bausman v. Cal. Dep't of Corr. & Rehab.*, Case No. 1:14-cv-00900-DAD-EPG-PC, 2016 WL 2349147, at *3 n.2 (E.D. Cal. May 4, 2016); *see also Mauwee v. Donat*, Case No. 3:06-cv-00122-RCJ-VPC, 2009 WL 3062787,

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 7 of 14
Case 3:24-cv-00035-SLG   Document 28   Filed 11/25/24   Page 7 of 14

Mr. Tholson seeks preliminary injunctive relief; the Court finds that such relief is "appropriate relief" against a state agency under RLUIPA. Accordingly, the Court will proceed to address the merits of Mr. Tholson's motion seeking preliminary injunctive relief.

## II. On the Current Record, Mr. Tholson Is Likely to Succeed on the Merits

First, Mr. Tholson must show that he is likely to succeed on the merits, or, alternatively, that there are at least "serious questions" on the merits of his claim.[34] The State of Alaska did not oppose Mr. Tholson's motion for preliminary injunction on the merits and thus did not address the likelihood of success.

RLUIPA protects the religious rights of inmates. It provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to" a prison, "unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that

---

at *5 (D. Nev. Sept. 18, 2009) ("Although the Ninth Circuit has not ruled on the issue, the weight of authority in the sister Circuits overwhelmingly favors the conclusion that RLUIPA operates as a waiver of sovereign immunity as to equitable relief only."); *Pompilius v. Nevada*, Case No. 2:18-cv-01801-APG-VCF, 2021 WL 414534, at *2–6 (D. Nev. Feb. 5, 2021) (granting preliminary injunctive relief pursuant to RLUIPA); *Brown v. Washington*, Case No. 314CV05524RJBJRC, 2015 WL 13730665, at *19 (W.D. Wash. Aug. 28, 2015) (limiting a plaintiff's remedy under RLUIPA to injunctive relief against the State of Washington, its Department of Corrections, and a defendant in their official capacity), *report and recommendation adopted as modified sub nom. Brown v. State of Washington*, Case No. 14-5524 RJB-JRC, 2015 WL 7738393 (W.D. Wash. Nov. 30, 2015), *aff'd sub nom. Brown v. Washington*, 752 F. App'x 402 (9th Cir. 2018); *Knows His Gun v. Montana*, 866 F. Supp. 2d 1235, 1248 (D. Mont. 2012) (allowing claims for injunctive relief pursuant to RLUIPA to proceed against the State of Montana and its Department of Corrections).

[34] *All. for the Wild Rockies*, 632 F.3d at 1135.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 8 of 14
Case 3:24-cv-00035-SLG   Document 28   Filed 11/25/24   Page 8 of 14

compelling governmental interest."[35] RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[36] "That means that RLUIPA protects not only practices deemed orthodox by some recognized religious organization, but also idiosyncratic practices—practices 'not compelled by, or central, to a [given] system of religious belief.'"[37] "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise[.]"[38]

Under RLUIPA, the plaintiff bears the initial burden to "produce[] prima facie evidence to support a claim alleging . . . a violation of [RLUIPA]."[39] If the plaintiff meets this burden, "the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion."[40] Ultimately, to carry its burden under RLUIPA, the government must show its action serves a compelling government interest and is the least restrictive means of

---

[35] 42 U.S.C. § 2000cc-1(a).

[36] *Id.* at § 2000cc-5(7)(A).

[37] *Jones v. Slade*, 23 F.4th 1124, 1141 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 2000cc-5(7)(A)).

[38] *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).

[39] 42 U.S.C. § 2000cc-2(b).

[40] *Id.*

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 9 of 14
Case 3:24-cv-00035-SLG   Document 28   Filed 11/25/24   Page 9 of 14

furthering that interest by proving that "it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice."[41] Analyzing whether a government action is the least restrictive means of serving a compelling interest "is a fact-intensive inquiry . . . ."[42]

Mr. Tholson alleges the Department of Corrections violated RLUIPA in two ways: by denying him access to a felt tip, gel, or fountain pen and by not allowing him to take part in group religious services because he is housed in protective custody.[43] His motion seeking a preliminary injunction focuses exclusively on the first claim, so this order only addresses that claim.

Mr. Tholson has produced prima facie evidence that the State has substantially burdened his exercise of religion by denying him access to a felt tip, gel, or fountain pen. "[A] prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation."[44] Mr. Tholson has averred in his verified complaint that he is a Rosicrucian and needs a felt tip, gel, or fountain pen for religious use.[45] He further supports the necessity of one of these implements by producing a letter that purports to be from the Rosicrucian

---

[41] *Warsoldier*, 418 F.3d at 999.

[42] *Jones*, 23 F.4th at 1144.

[43] Docket 8-1 at 3, 5–6.

[44] *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015).

[45] Docket 8-1 at 3; *see also McElyea v. Babbitt*, 833 F.2d 196, 198 n.1 (9th Cir. 1987) (a verified complaint based on personal knowledge may be treated as an affidavit).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 10 of 14
Case 3:24-cv-00035-SLG   Document 28   Filed 11/25/24   Page 10 of 14

Fellowship explaining that these writing tools are necessary for spiritual healing.[46] Mr. Tholson can therefore likely substantiate a sincere religious belief. Moreover, he can also likely show that the Department of Corrections' policy, which categorically denies him access to religiously necessary implements, substantially burdens that belief. The State does not question the sincerity of Mr. Tholson's belief or assert that it is not burdened.

Having produced prima facie evidence in support of his claim, the burden shifts to the State to show that denying him access to these pens furthers a compelling government interest and that denial is the least restrictive means of doing so. But the State did not respond to the merits of Mr. Tholson's motion so the Court cannot conclude that it has met its burden. Although the Court could surmise from Mr. Tholson's grievance appeals and the State's Answer that the State has significant interests in denying Mr. Tholson access to these pens, the Court will not manufacture arguments for the State.[47] Further, determining whether the challenged practice is narrowly tailored is "a fact-intensive inquiry on which the record is not developed."[48]

---

[46] Docket 8-2 at 3–4.

[47] *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

[48] *Jones*, 23 F.4th at 1144.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 11 of 14
Case 3:24-cv-00035-SLG    Document 28    Filed 11/25/24    Page 11 of 14

Accordingly, on the record before it, the Court must conclude that Mr. Tholson is likely to succeed on the merits, or at least has raised serious questions going to the merits, of his RLUIPA claim regarding pen access.

## II. Mr. Tholson is Likely to Suffer Irreparable Harm in the Absence of an Injunction

Next, the Court considers whether Mr. Tholson has demonstrated that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief. A plaintiff "must demonstrate that in the absence of a preliminary injunction, 'the [plaintiff] is likely to suffer irreparable harm before a decision on the merits can be rendered.'"[49] "A likelihood of irreparable harm means 'a likelihood of substantial and immediate irreparable injury.'"[50]

"[U]nder the law of this circuit, a party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim."[51] This Court as well as other courts in this circuit have found that the same

---

[49] *Winter*, 555 U.S. at 22 (quoting 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (2d ed. 1995)).

[50] *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 877 (C.D. Cal. 2021) (quoting *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012)). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy [of injunction] is unavailable absent a showing of irreparable injury, . . . a 'likelihood of substantial and immediate irreparable injury.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974))).

[51] *Warsoldier*, 418 F.3d at 1001–02 (first quoting *Sammartano v. First Jud. Dist. Ct., Cnty. of Carson City*, 303 F.3d 959, 973–74 (9th Cir. 2002); and then citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2948.1 (2d ed. 2004) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.")).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 12 of 14
Case 3:24-cv-00035-SLG    Document 28    Filed 11/25/24    Page 12 of 14

reasoning applies to cases where a plaintiff has shown they are likely to succeed on their RLUIPA claims.[52] Therefore, because the Court has concluded that Mr. Tholson is likely to succeed on the merits, irreparable injury also is likely.

### III. The Balance of the Equities Tips in Mr. Tholson's Favor

The government is a party to this action, so the final two *Winter* factors—the balance of the equities factor and the public interest factor—merge.[53] In "balanc[ing] the competing claims of injury," a court "must consider the effect on each party of the granting or withholding of the requested relief."[54] An injunction "is a matter of equitable discretion," and "[t]he assignment of weight to particular harms is a matter for district courts to decide."[55]

Mr. Tholson asserts that the balance of the equities tips in his favor because the free exercise of religion is in the public interest.[56] Again, the State does not address the issue and the Court cannot speculate as to the hardship the Department of Corrections might suffer in the event of a preliminary injunction.

---

[52] *Dowl v. Williams*, Case No. 3:18-cv-0119-HRH, 2018 WL 2392498, at *2 (D. Alaska May 25, 2018); *Pasaye v. Dzurenda*, 375 F. Supp. 3d 1159, 1171 (D. Nev. 2019), *on reconsideration in part*, Case No. 2:17-cv-02574-JAD-VCF, 2019 WL 2905044 (D. Nev. July 5, 2019); *Rouser v. White*, Case No. 2:11-cv-09123-RGK-JEM, 2022 WL 343250, at *4 (C.D. Cal. Jan. 11, 2022), *aff'd*, Case No. 22-55139, 2024 WL 3311135 (9th Cir. July 5, 2024).

[53] *Drakes Bay Oyster Co.*, 747 F.3d at 1092 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

[54] *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987).

[55] *Earth Island Inst. v. Carlton,* 626 F.3d 462, 475 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 32).

[56] Docket 14 at 6–7.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 13 of 14
Case 3:24-cv-00035-SLG    Document 28    Filed 11/25/24    Page 13 of 14

Therefore, considering the likelihood of Mr. Tholson's irreparable spiritual injury, the Court must conclude that the balance of the equities tips in Mr. Tholson's favor.

## CONCLUSION

For the foregoing reasons, Mr. Tholson's Motion for Preliminary Injunction at Docket 14 is GRANTED. IT IS ORDERED THAT, beginning no later than **seven days from the date of this order**, the State of Alaska, Department of Corrections, shall provide Mr. Tholson a felt tip, gel, or fountain pen for his religious use at least one hour per week. The Department of Corrections may specify the day and time of such use and may require that the pen is only to be used by Mr. Tholson in a secure room in which no other inmates are present.

DATED this 25th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections*
Order on Motion for Preliminary Injunction
Page 14 of 14
Case 3:24-cv-00035-SLG    Document 28    Filed 11/25/24    Page 14 of 14