# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEON THOLSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>STATE OF ALASKA, DEPARTMENT OF CORRECTIONS, and JAKE WYCKOFF, in his official capacity as Deputy Commissioner of the Department of Corrections,<br><br>                    Defendants. | Case No. 3:24-cv-00035-SLG |

## **ORDER ON MOTION FOR LEAVE TO AMEND**

Pending before the Court at Docket 26 is Plaintiff Leon Tholson's Motion for Leave to Amend. The State of Alaska, Department of Corrections ("State") responded in opposition at Docket 29 and Mr. Tholson replied at Docket 30.

## **BACKGROUND**

This is an action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000c *et seq.*, brought by Leon Tholson, an individual currently incarcerated at Anchorage Correctional Complex in Anchorage, Alaska.[1] Mr. Tholson alleges that he is a Rosicrucian, and, "as a student of the Rosicrucian Fellowship, [his] sincerely held religious belief requires

---

[1] Docket 8-1 at 3.

[his] correspondence . . . be in a felt tip, gel, or fountain pen."[2] He further alleges that the Department of Corrections denied him access to these writing tools, offering instead access to pencils and standard ballpoint pens.[3]

After filing grievances related to this issue and appealing the grievance decisions, Mr. Tholson filed this lawsuit, alleging that the Department of Corrections violated his rights under RLUIPA.[4] In his First Amended Complaint, Mr. Tholson also alleges the Department of Corrections violated RLUIPA by not allowing him to take part in group religious services because he is housed in protective custody.[5] He further asserts that he was told that he could not grieve this issue and has no administrative remedy to exhaust.[6] Mr. Tholson requests declaratory relief and "[a]n order requiring defendants come up with a plan . . . that will correct the violations of [] RLUIPA and for [the Department of Corrections] to carry out" any plan.[7]

## LEGAL STANDARD

Mr. Tholson seeks to file a Second Amended Complaint to add as a defendant Jake Wyckoff, in his official capacity as Deputy Commissioner of the Department of Corrections. Pursuant to Federal Rule of Civil Procedure 15(a), if

---

[2] Docket 8-1 at 3.

[3] Docket 8-1 at 3.

[4] *See* Docket 1; *see also* Docket 8-2.

[5] Docket 8-1 at 5–6.

[6] Docket 8-1 at 5.

[7] Docket 8-1 at 9–10.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections, et al.*
Order on Motion to Amend
Page 2 of 6
Case 3:24-cv-00035-SLG    Document 32    Filed 12/18/24    Page 2 of 6

21 days have passed since a pleading was served or since a motion under Rule 12(b), (e), or (f) was served—whichever is earlier—then "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has held that "this policy is to be applied with extreme liberality."[8] "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Futility alone can justify the denial of a motion to amend."[9] However, "[n]ot all of the factors merit equal weight"; in the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight."[10] And "[a]bsent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."[11]

## DISCUSSION

Mr. Tholson moves for leave to amend his First Amended Complaint to add Deputy Commissioner of the Department of Corrections, Jake Wyckoff, in his

---

[8] Fed. R. Civ. P. 15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[9] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and internal quotation marks omitted).

[10] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).

[11] *Id.* (emphasis in original) (citation omitted).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections, et al.*
Order on Motion to Amend
Page 3 of 6
Case 3:24-cv-00035-SLG    Document 32    Filed 12/18/24    Page 3 of 6

official capacity, as a defendant.[12] He asserts that he is not acting in bad faith because he moved to add Mr. Wyckoff as a defendant as soon as he was able to do legal research and presumably discovered that am individual defendant can be sued in his official capacity for injunctive relief.[13] He further contends that this amendment has not caused delay, will not prejudice the State, and is not futile.[14]

The State responds that "[i]f the court grants leave to amend the first amended complaint, the Department of Corrections' answer will be duplicative of its previous answer. It seems to be a waste of resources to go through the process again, especially when the court rejected the Department's defense that caused Tholson to seek leave to amend the complaint."[15] Additionally, the State points out that Mr. Tholson does not supply any reason to add Mr. Wyckoff and that, ultimately, it is unnecessary to add Mr. Wyckoff as a defendant.[16]

The Court has not yet entered a scheduling order in this case so Federal Rule of Civil Procedure 15 governs whether amendment is appropriate. Here, the State does not assert there is bad faith, undue delay, prejudice, or futility and the Court concludes that none of these factors are present.

---

[12] Docket 26.

[13] Docket 26 at 4.

[14] Docket 26 at 4–6.

[15] Docket 29 at 4.

[16] Docket 29 at 4.

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections, et al.*
Order on Motion to Amend
Page 4 of 6
Case 3:24-cv-00035-SLG   Document 32   Filed 12/18/24   Page 4 of 6

Further, contrary to the State's assertions, it is not a waste of resources or unnecessary to add Mr. Wyckoff. Although the Court has ruled that the State is not immune from suits for injunctive relief under RLUIPA, the Ninth Circuit has not decided whether states themselves are immune from such suits. Rather, as this Court's previous order noted, "the weight of authority in the Ninth Circuit indicates that RLUIPA plaintiffs may properly sue states and their agencies for injunctive relief . . . ."[17] By contrast, the Ninth Circuit has expressly held that state sovereign immunity does not bar a RLUIPA plaintiff from suing an individual state officer in their official capacity for injunctive relief.[18] Accordingly, allowing amendment will add a proper defendant and serve to remove any doubt as to whether Mr. Tholson's claim is barred by state sovereign immunity.

Finally, that the State and Mr. Wyckoff's answer to the Second Amended Complaint will be duplicative of its previous answer is not a reason to deny the motion to amend. The State may simply edit its previous answer to reflect the fact that there is an additional, official-capacity defendant.

## CONCLUSION

IT IS ORDERED THAT Mr. Tholson's Motion to Amend at Docket 26 is GRANTED. The Second Amended Complaint filed at Docket 26-2 is accepted as

---

[17] Docket 28 at 7 (citations omitted).

[18] *Jones v. Slade*, 23 F.4th 1124, 1140 n.4 (9th Cir. 2022).

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections, et al.*
Order on Motion to Amend
Page 5 of 6
Case 3:24-cv-00035-SLG   Document 32   Filed 12/18/24   Page 5 of 6

filed and will be the operative complaint.  The case caption is modified as set for in this order.

IT IS FURTHER ORDERED that, **within 7 days of the date of this order**, counsel for the State shall enter an appearance for Jake Wyckoff or file a notice that the Attorney General will not accept service on behalf of the Deputy Commissioner, in which event the Court may order service by the United States Marshals Service.

DATED this 18th day of December 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00035-SLG, *Tholson v. State of Alaska, Department of Corrections, et al.*
Order on Motion to Amend
Page 6 of 6
Case 3:24-cv-00035-SLG     Document 32     Filed 12/18/24     Page 6 of 6