# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LEON THOLSON,

                Plaintiff,

     v.

STATE OF ALASKA, DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

Case No. 3:24-cv-00035-SLG

## ORDER ON MOTION FOR PROTECTIVE ORDER AND ORDER TO SHOW CAUSE

Before the Court at Docket 34 is Plaintiff Leon Tholson's Motion for Protective Order and Order to Show Cause. The State of Alaska, Department of Corrections ("the State") filed a response in opposition to the Motion at Docket 35 to which Plaintiff filed a reply at Docket 36.

## BACKGROUND

This is an action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000c *et seq.*, brought by Leon Tholson, an individual currently incarcerated at Anchorage Correctional Complex in Anchorage, Alaska.[1] Mr. Tholson alleges he is a Rosicrucian and that the State has violated his rights under the RLUIPA by denying him access to a "felt tip, gel, or fountain pen," and by not allowing him to take part in group religious services

---

[1] Docket 26-2 at 1, 3, 5.

because he is housed in protective custody.[2]

In the instant motion, Mr. Tholson states that on December 2, 2024, he was "placed on suicide watch" and forced to abandon his property.[3] He contends that the "mod officer should have rolled up all [his] property including [his] Rosicrucian books. However[,] all [of his] books except 'Mysteries of the Great Operas' [were] 'lost' by Defendant."[4] Mr. Tholson states that he has "filed lost property reports about the issue" but Defendant "refuses to look into the issue," and that he is "now in the process of filing a prisoners grievance about the issue." Mr. Tholson moves for "a protective order on Rosicrucian books and order to show cause as to how [his] Rosicrucian books were 'lost.'"[5]

## DISCUSSION

Mr. Tholson requests a protective order for the books "The Rosicrucian Cosmo-Conception," "Mysteries of the Grate (sic) Operas," and "The Rosicrucian Christianity Lectures" all of which he states he currently has in his cell as of December 26, 2024.[6] Mr. Tholson also requests that the Court "order Defendant (AKDOC) to show cause as to what happened to [his] Rosicrucian books on 12/2/24" and "to provide any supporting evidence of there (sic) claim as to what

---

[2] Docket 26-2 at 3–6.

[3] Docket 34 at 2.

[4] Docket 34 at 2–3.

[5] Docket 34 at 1.

[6] Docket 34 at 3–4. Mr. Tholson states that he has the above-listed books because he re-ordered them. Docket 34 at 4.

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion for Protective Order and for Order to Show Cause
Page 2 of 6
Case 3:24-cv-00035-SLG   Document 38   Filed 02/18/25   Page 2 of 6

happened to" the books.[7] Mr. Tholson contends that relief is warranted because he "may use the [Rosicrucian Cosmo-Conception] book and other books from the Rosicrucian Fellowship in the event this matter goes to trial."[8]

Mr. Tholson also references and filed as an exhibit letters between himself and Alaska Department of Corrections Deputy Commissioner, Jake Wyckoff.[9] In one of the letters, Mr. Tholson requests that "in the event that my book the 'Rosicrucian Cosmo-Conception' by Max Heindel is seized I am herein requesting a litigation hold be placed on it . . . .".[10] Mr. Wyckoff's response letter dated September 10, 2024 states that "[i]f seized, your book will be held pending appeal according to policy."[11]

In its opposition brief, the State recounts—without any supporting affidavit, declaration, or other evidence—detailed descriptions of the purported events surrounding the seizure of Mr. Tholson's books on December 2, 2024.[12] Based on these assertions of fact, the State contends that it has "investigated Tholson's claims about his missing property" and states that it "will continue to follow its policies and procedures regarding personal property; thus, a protective order is

---

[7] Docket 34 at 4.

[8] Docket 34 at 2.

[9] *See* Docket 34-1.

[10] Docket 34-1 at 6.

[11] Docket 34-1 at 3.

[12] Docket 35. Mr. Tholson disputes the accuracy of the State's recounting of events in his reply. *See* Docket 36 at 2–3.

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion for Protective Order and for Order to Show Cause
Page 3 of 6
Case 3:24-cv-00035-SLG   Document 38   Filed 02/18/25   Page 3 of 6

unnecessary."[13] The State further contends that "an order to show cause is "not proper" because the State "disclaims responsibility [for Mr. Tholson's personal property], and Tholson agreed to release the [State] from responsibility."[14]

This action is not about the seizure of Mr. Tholson's books on December 2, 2024; it is about Mr. Tholson's claim that the State has violated his rights under RLUIPA by denying him access to a "felt tip, gel, or fountain pen," and by not allowing him to take part in group religious services because he is housed in protective custody.[15] As Mr. Tholson acknowledges in his reply, his motion is based on the Court's "power to make orders about discovery" in this case.[16] The scope of discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[17] The Court therefore declines to address the various collateral disputes between the State and Mr. Tholson, including whether the State adequately investigated Mr. Tholson's claims of missing property, whether the State has complied with its own policies and procedures, and whether the State's disclaimer of liability for Mr. Tholson's personal property is valid. The Court also gives no weight to the unsupported assertions of fact put forward by the State's lawyer in its opposition brief.

---

[13] Docket 35

[14] Docket 35 at 7.

[15] Docket 26-2 at 3–6.

[16] Docket 36 at 2.

[17] Fed R. Civ. P 26(b)(1).

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion for Protective Order and for Order to Show Cause
Page 4 of 6
Case 3:24-cv-00035-SLG   Document 38   Filed 02/18/25   Page 4 of 6

For the same reason, the Court denies Mr. Tholson's request that the Court "order Defendant (AKDOC) to show cause as to what happened to [his] Rosicrucian books on 12/2/2024" and "to provide any supporting evidence of there (sic) claim as to what happened to the books."[18] The specifics of what happened to Mr. Tholson's books on December 2, 2024 are not relevant to the claims and defenses in this case.

The Court thus turns to Mr. Tholson's motion for a protective order. Parties to litigation have a duty to preserve evidence. "A duty to preserve information arises when a party knows or should know that the information is relevant to pending or future litigation."[19] Federal courts have the authority to enforce this duty by sanctioning parties for spoliation of evidence, including for the loss or destruction of physical evidence.[20]

The duty to preserve relevant evidence is not dependent on the entry of a protective order. The State has a duty to retain evidence in its possession that is relevant to Mr. Tholson's claims regardless of the Court's ruling on this motion, a duty which Mr. Wyckoff expressly acknowledges in his correspondence to Mr. Tholson.[21] Mr. Tholson contends that the entry of a protective order is warranted

---

[18] Docket 34 at 4.

[19] *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1106 (D. Ariz. 2014); *Sec. Alarm Fin. Enterprises, L.P. v. Alarm Prot. Tech., LLC*, Case No. 3:13-CV-00102-SLG, 2016 WL 7115911, at *3 (D. Alaska Dec. 6, 2016).

[20] *Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 468–78 (D. Ariz. 2020), *aff'd*, Case No. 20-17210, 2022 WL 259937 (9th Cir. Jan. 27, 2022).

[21] Docket 34-1 at 3.

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion for Protective Order and for Order to Show Cause
Page 5 of 6
Case 3:24-cv-00035-SLG    Document 38    Filed 02/18/25    Page 5 of 6

because he "may use the [Rosicrucian Cosmo-Conception] book and other books from the Rosicrucian Fellowship in the event this matter goes to trial."[22] But Mr. Tholson's motion does not suggest that the State, by allegedly taking his books on December 2, 2024, has made them unavailable for use at trial or for in preparation for trial. Instead, Mr. Tholson's motion states that in January 2025 he has in his has not shown good cause for entry of protective order because he fails to show that any specific harm or prejudice will result if the motion for a protective order is not granted.[23]

## CONCLUSION

In light of the foregoing, Mr. Tholson's Motion for Protective Order and for Order to Show Cause at Docket 34 is DENIED.

DATED this 18th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] Docket 34 at 2.

[23] *See Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.). The Court generously construes Mr. Tholson's motion and applies the standard for a protective order pursuant to Rule 26(c). However, it is not clear to the Court the precise terms of the protective order Mr. Tholson seeks, or that the type of protective order Mr. Tholson seeks is provided for by Rule 26(c). *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion for Protective Order and for Order to Show Cause
Page 6 of 6

Case 3:24-cv-00035-SLG   Document 38   Filed 02/18/25   Page 6 of 6