IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LEON THOLSON,

        Plaintiff,

    v.

STATE OF ALASKA DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

Case No. 3:24-cv-00035-SLG

## ORDER ON MOTION TO HOLD DEFENDANT IN CONTEMPT

Before the Court at Docket 39 is Plaintiff Leon Tholson's Motion to Hold Defendant in Contempt. Defendant State of Alaska Department of Corrections ("the State") filed a response in opposition at Docket 41, to which Plaintiff replied at Docket 43.

## BACKGROUND

The facts relevant to this motion are not in dispute. On November 25, 2024, at Docket 28, the Court granted Mr. Tholson's request for a preliminary injunction. The Court ordered the State to "provide Mr. Tholson a felt tip, gel, or fountain pen for his religious use at least one hour per week," with the condition the State "may specify the day and time of such use and may require that the pen is only to be used by Mr. Tholson in a secure room in which no other inmates are present."[1]

---

[1] Docket 28 at 14.

On December 2, 2024, Anchorage Correctional Complex Officer Sergeant Strawther issued a memorandum to all staff, which set out the following processes to comply with the Court's preliminary injunction order:

- Starting 12/02/2024, the day of the week that Tholson will conduct his work will be Monday every week from 8-9 PM. Tholson is responsible for informing the housing officer that he wishes to go. If he does not or verbally refuses, it will be logged as a refusal in red ink in the housing unit logbook.
- Tholson is to be secured in the Law Library alone during this time. I have determined the type of pen he will be provided will be a Gel Pen either in Blue or Black Ink.
- This pen will be kept in Operations in the Law Library Discovery Box. It will be retrieved by the Operations Rover and provided to Tholson. At the end of his session, the Operations Rover must ensure the pen is intact and not altered and place it back into the discovery box in it's marked envelope.[2]

On February 3, 2025, Mr. Tholson was provided use of a gel pen without issue.[3] The following week, on February 10, 2025, Mr. Tholson requested to use the Court ordered pen at 8:00 p.m. that evening, as provided by the December 2, 2024 memorandum.[4] Mr. Tholson's housing officer replied that the "facility was on lock down and thus, he would be logging [Mr. Tholson] as a refusal."[5] However, at about 8 or 9 p.m., Mr. Tholson was removed from his cell and taken to review

---

[2] Docket 39-1(inmate copy); Docket 41-1 at 1 (State's copy).

[3] Docket 39 at 3.

[4] Docket 39 at 3.

[5] Docket 39 at 3.

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion to Hold Defendant in Contempt
Page 2 of 5
Case 3:24-cv-00035-SLG    Document 46    Filed 03/17/25    Page 2 of 5

legal mail.[6] When it was discovered that Mr. Tholson did not have legal mail to review, he was returned to his cell.[7]

Two days later, on February 12, 2025, Mr. Tholson submitted a "Request For Interview Form" to Sergeant Strawther. Mr. Tholson reported that his request to use his court ordered pen on February 10th had been denied, that he was told he could not use his pen because the facility was on a lock down, and that he was filing a contempt of court motion.[8] Sergeant Strawther responded to Mr. Tholson's request the next day, on February 13, 2025.[9] In his response, Sergeant Strawther asked why Mr. Tholson had not written to him as soon as Mr. Tholson's request was denied.[10] Sergeant Strawther stated that he would "let the seg officers know to let you use the pen tonight, barring a major emergency," and noted that "the court order states one hour per week and we are still within those guidelines by granting it tonight."[11] Mr. Tholson was given access to the pen that night.[12]

## DISCUSSION

Mr. Tholson contends that the State's failure to provide him with access to a

---

[6] Docket 39 at 3.

[7] Docket 39 at 3.

[8] Docket 41-2.

[9] Docket 41-2.

[10] Docket 41-2.

[11] Docket 41-2.

[12] *See* Docket 42 at 3; Docket 43 at 2.

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion to Hold Defendant in Contempt
Page 3 of 5
Case 3:24-cv-00035-SLG   Document 46   Filed 03/17/25   Page 3 of 5

felt tip, gel, or fountain pen on February 10, 2025 violated the Court's preliminary injunction order and warrants holding the State in contempt.[13] The State responds that it was not possible to give Mr. Tholson use of the pen on February 10, 2025, because the facility was on lock down,[14] and asserts that it has complied with the Court's order by providing Mr. Tholson with access to the pen for one hour within the same calendar week, on February 13, 2025. [15]

Civil contempt sanctions are available against a party that has disobeyed "a specific and definite court order by failure to take all reasonable steps within the party's power to comply."[16] A party seeking a finding of civil contempt against an opposing party must demonstrate "(1) that [the opposing party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence."[17]

Mr. Tholson has not established by clear and convincing evidence that the State did not substantially comply with the order or base its actions on a good faith and reasonable interpretation of the order. To the contrary, it appears that the State has substantially complied with the Court's order. Although a correctional

---

[13] Docket 39 at 1–5.

[14] *See* Docket 42 ¶ 5. In an affidavit attached to the State's opposition, Sergent Strawther avers that a "lock down limits the movement of inmates to only essential movement, such as necessary medical care, court[,] or review of legal mail." Docket 42 at ¶ 4.

[15] Docket 41 at 1–2.

[16] *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir.1993).

[17] *Id.*

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion to Hold Defendant in Contempt
Page 4 of 5
Case 3:24-cv-00035-SLG    Document 46    Filed 03/17/25    Page 4 of 5

officer initially denied Mr. Tholson's request to access the pen while the facility was on lock down, Mr. Tholson was promptly provided with an opportunity to use the pen when he brought the denial to Sergeant Strawther's attention. And although the Court's preliminary injunction order mandates that the State provide Mr. Tholson use of a felt tip, gel, or fountain pen for his religious use at least one hour per week, it does not prescribe a specific day or time for such use.[18] The State's interpretation of the Court's order as requiring that Mr. Tholson receive access to the pen for at least one hour per calendar week—rather than at least once every 7 days, as Mr. Tholson contends—is a reasonable one.[19]

## CONCLUSION

In light of the foregoing, Mr. Tholson's Motion to Hold Defendant in Contempt at Docket 39 is DENIED.

DATED this 17th day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] The order expressly provides that the State "may specify the day and time of such use." Docket 28 at 14.

[19] *See* Docket 42 at ¶ 9; Docket 43 at 2.

Case No. 3:24-cv-00035-SLG, *Tholson v. SOA DOC, et al.*
Order on Motion to Hold Defendant in Contempt
Page 5 of 5
Case 3:24-cv-00035-SLG    Document 46    Filed 03/17/25    Page 5 of 5